**TUITUI of Amouli and VAIMAONA F. of Laulii, Plaintiffs**

**v.**

**LEUMA of Alao, Defendant**

No. 97-1948

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Manaea" of Amouli]

December 20, 1948

---

A. A. MORROW, *Chief Justice.*

DECISION

Heard at Fagatogo Tuesday, December 7, 1948.
Salanoa, for Leuma; Atofau, for Tuitui; Luaulu, for Vaimaona.

MORROW, *Chief Justice.*

Leuma of Aloa filed his application with the Registrar of Titles to be registered as the holder of the matai name Manaea of Amouli. Tuitui and Maliga, both of Amouli, and Vaimaona of Laulii filed objections to the proposed registration, each of the objectors becoming a candidate for the name. Maliga withdrew his objection on November 15, 1948 thereby withdrawing his candidacy.

Sec. 926(a) of the Code provides that in order to be eligible to succeed to a matai title, a candidate must have "at least three-quarters Samoan blood." The evidence in this case shows that Manaea Petero, the father of Tuitui, and the grandfather of Leuma was a Wallis Islander and not a Samoan. The mother of Tuitui, as was the mother of Leuma, was a Samoan woman. Tuitui has one-half Samoan blood in his veins and Leuma three-quarters.

The High Court in the case of *Utu Samuelu of Amouli v. Tuitui of Amouli,* No. 22-1945 (Am. Samoa), held that Tuitui was not eligible to succeed to the matai name Gogo. The record of the testimony in that case reads in part as follows: "Cross examination by Fuata. Q. I want to ask you Tu'itu'i. Where is your father come from? A. He came from Wallace [sic] Island." Our finding in this case to the effect that Tuitui does not have three-quarters Samoan blood in his veins is consistent with his testimony in the Gogo case. Since we find that Tuitui does not meet the requirements of Sec. 926(a) of the Code so as to be eligible to succeed to a matai title, we shall put his candidacy to one side.

The other candidates meet all the requirements of Sec. 926 and are eligible to succeed to a matai title.

419

Sec. 933 of the Code provides that:

"In the trial of Matai name cases, the High Court shall be guided by the following in the priority listed:

1. The wish of the majority or plurality of the family.

2. The forcefulness, character, personality and capacity for leadership of the candidate.

3. The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise, the male descendant shall prevail.

4. The value of the holder of the Matai name to the Government of American Samoa."

Leuma and Vaimaona each filed with the court a petition purporting to be signed by various members of the Manaea family in support of his candidacy. At the hearing a supplementary petition was filed by Fuata in behalf of Vaimaona.

There were 35 names on Leuma's petition, ten of them being the names of persons under the age of fourteen. In considering "the wish of the majority or plurality of the family" persons under the age of fourteen cannot be counted. *Aufata v. Falemalu*, No. 95-1948 (Am. Samoa); *Moa v. Faasa*, No. 27-1948 (Am. Samoa). After deducting the ten names of those under fourteen there remain 25 members of the family on Leuma's petition which may properly be counted. On Vaimaona's original petition there were 102 names and 90 on the supplementary petition. Counting out three names appearing on both petitions there remain a total of 189. It did not appear that any of the signers on Vaimaona's petition were under fourteen. While there was a conflict in the evidence as to the membership in the Manaea family of the signers for Vaimaona nevertheless we believe that the weight of the evidence favors the view that they are members of the family. Conceding that all the signers on Leuma's petition of fourteen, or over, are members of the Manaea family (and we think that there is no doubt about such being the fact) it follows

that Vaimaona prevails over Leuma on the issue of the wish of the majority or plurality of the family.

Leuma is twenty-five years of age. He has completed the sixth grade in school. He has plantations, cuts copra, and his wife weaves mats from laufala procured by him. He does not make Samoan curios. His income from all sources is approximately $120.00 a year. He speaks English. Vaimaona is thirty-one years of age and is a sophomore in the Samoan High School. He has had about a year's experience as a matai. He was a teacher in the public schools for four years and was in the Samoan Marines for four years during the war. He has plantations and cuts copra. He makes Samoan curios which he sells. He also operates a bush store. His income from his plantations and curios aggregates about $500.00 a year. He makes about $500.00 a year in profits from the operation of his store. While going to school he receives $120.00 a month from the U.S. Government under the G.I. Bill of Rights. He speaks English. The court observed the personalities of these two candidates at the hearing. Based upon such observation and the evidence the court concludes that Vaimaona prevails over Leuma on the issue of forcefulness, character, personality and capacity for leadership.

Vaimaona is the grandson of Manaea Anapu. Leuma is the grandson of Manaea Petero, a Wallis Islander. Leuma's grandmother Siva had one-half Manaea blood in her veins. Leuma has three-eighths Manaea blood. It follows that he prevails over Vaimaona on the issue of best hereditary right.

The value of a matai to the Government of American Samoa depends in a large measure upon his ability as the leader of his family and his capacity to look after the needs of family members. His ability as a producer of goods is also a factor. We conclude from the evidence that Vaimaona will be of more value to the Government as the ma-

tai of the Manaea family than will Leuma. Vaimaona prevails over Leuma on the issue of value of holder of the title to the Government.

In view of our findings the law requires us to award the title to Vaimaona since he prevails over Leuma on the first, second and fourth issues.

Vaimaona is already the holder of a matai title. It is the law that a man cannot hold two matai titles at the same time. *Aufata v. Falemalu*, No. 95-1948 (Am. Samoa); *Kosi et al. v. Viliamu*, No. 77-1948 (Am. Samoa); *Fega v. Eveni*, No. 83-1948 (Am. Samoa). Pursuant to the provisions of Sec. 934 of the Code, a matai must, with certain exceptions, live with his family or be subject to removal.

It is ORDERED, ADJUDGED and DECREED that Vaimaona shall be registered as the holder of the matai title Manaea of Amouli upon his filing with the Registrar of Titles his resignation from the matai title Vaimaona, such resignation to be filed within fifteen days from the date hereof.

The Registrar of Titles will be advised of this decree.

Court costs in the amount of $12.50 are hereby assessed against Tuitui and a like sum against Leuma, the same to be paid within 30 days.